■ INCORPORATED VILLAGE OF FREEPORT, Plaintiff, v MILTON SANDERS et al., Appellants-Respondents, and KRESSNER & SCHULMAN et al., Respondents-Appellants.—In a third-party action, *inter alia,* for indemnification, (1) the defendants third-

party plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Velsor, J.), dated December 23, 1983, as denied their cross motion for summary judgment, and (2) the third-party defendants cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment.

Order modified, on the law, by deleting the provision thereof denying the cross motion for summary judgment and substituting therefor a provision granting that cross motion to the extent of granting partial summary judgment on the issue of whether the respondents-appellants have a duty to indemnify the appellants-respondents for any recovery by the plaintiff against the appellants-respondents in the main action, and to defend them in that action. As so modified, order affirmed, with costs to the appellants-respondents.

Special Term erred in concluding that there were triable issues of fact as to the intent of the parties to the stipulation of settlement. Upon a review of the entire transcript of the proceeding, it becomes clear that all the parties to the stipulation of settlement intended that the village be reimbursed for that portion of the approximately $55,000 it paid to the third-party defendant Craig Bell in the form of wages and medical expenses and that the village had the right to recover the amount of those payments from the settlement fund. This is so regardless of whether those payments were made pursuant to the Workers' Compensation Law or pursuant to the General Municipal Law. Under the terms of the stipulation, the respondents-appellants have a duty to defend and indemnify the appellants-respondents for any recovery by the village against the latter. Mangano, J. P., Gibbons, Kooper, and Spatt, JJ., concur.